IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEON CLAIR, | ) |
| | ) |
|         **Plaintiffs,** | ) |
| | ) |
| vs. | )   Case No. 25-cv-364-DWD |
| | ) |
| ANTHONY B. JONES, | ) |
| CRANE, | ) |
| JOHN/JANE DOES 3-6, | ) |
| | ) |
|         **Defendants.** | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on the Complaint filed jointly by Leon Clair, Jordan Bailey, and Blake Wilson, all inmates of the Illinois Department of Corrections (IDOC) who resided at Menard Correctional Center (Menard) when this complaint was filed. Specifically, on March 18, 2025, the Court reviewed the jointly filed claims and severed three claims from the original case into the present case that were solely related to Plaintiff Leon Clair. (Doc. 1). Clair has now paid his initial filing fee to proceed, and the Complaint (Doc. 2) is ripe for review on the previously designated claims.

The Court is required to screen prisoner complaints and to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from a defendant who is immune from relief. 28 U.S.C.

§ 1915A(b). At this juncture, the factual allegations in the pro se Complaint are liberally construed. Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff Clair alleges that on January 24, 2023, John Doe 3, a "transit" lieutenant at Shawnee applied handcuffs in a manner that was too tight and caused extreme pain. (Doc. 2 at 21). Plaintiff claims he complained and cried out in pain during the entire ride, but his handcuffs were not adjusted. He alleges that upon arrival at Menard, he was re-cuffed tightly behind his back to a stool. The handcuffs dug deep into his wrists, almost immediately caused his entire arms to go numb, and caused bleeding. Plaintiff called out for help and Defendant Jones eventually responded. He explained that his arms, hands, and shoulders were numb and that he needed the handcuffs adjusted, but Jones merely glanced and asked Plaintiff to "be cool."

About ten minutes after Jones left, Jane Doe 4 (a nurse) came for a medical screening. Plaintiff pled for assistance, tried to show that his wrists were bleeding, and explained he previously had a double-cuff permit, but Jane Doe 4 did not help. Jane Doe 5 (a mental health provider) came about ten minutes after Jane Doe 4 to perform a mental health screening. (Doc. 2 at 22). Plaintiff pled for assistance or for his cuffs to be loosened by Jane Doe 5 offered no help. About 15 minutes later, John Doe 6 (an internal affairs lieutenant) came to interview Plaintiff. Plaintiff expressed his pain and John Doe 6 noted that he was bleeding, but merely reassured Plaintiff he would not have to wait much longer. Plaintiff remained handcuffed for about an hour after the final interview. (Doc. 2 at 22-23).

Plaintiff submitted sick call slips from January 24, 2023, through February 2, 2023, before he was finally seen on February 3, 2023.  Plaintiff alleged that John Doe 7, the nurse responsible for scheduling individuals who submit sick call slips, was deliberately indifferent for delaying his access to care for 10 days.  (Doc. 2 at 23).  Plaintiff alleges that when he saw a nurse they promised to put him in to see a nurse practitioner for a handcuff permit.  However, he faults Defendant Crane (a nurse practitioner) for delaying medical treatment for a year by not providing a double-cuff permit for an entire year.  (Doc. 2 at 23).

Based on the allegations in the Complaint the Court designated three claims for severance into this case, which it will now re-number as follows:

> **Claim 1:** **Eighth Amendment excessive force or cruel and unusual punishment claim against Defendants John Doe 3 (transit officer), Jones, and John Does 4-6 for using restraints in a fashion that caused unnecessary pain and lacerations to Plaintiff Clair's wrists on January 24, 2023, and/or for failing to provide relief or medical care for the injuries sustained;**
>
> **Claim 2:** **Eighth Amendment failure to intervene claim against John Does 3-6 for failing to adjust Plaintiff Clair's restraints on January 24, 2023, once notified that they were causing extreme pain;**
>
> **Claim 3:** **Eighth Amendment deliberate indifference claim against Defendant Crane for delaying or denying Plaintiff Clair access to adequate medical care for wrist injuries or to a proper handcuff permit for a year after his arrival at Menard.**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court.  Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without

prejudice as inadequately pled under *Twombly*. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## Preliminary Dismissals

Plaintiff Clair named John/Jane Doe 7 in the factual allegations of the complaint and described them as a nurse who was responsible for processing sick call slips in the days after his January 24, 2023, transfer to Menard when he had cuts on his wrists from the handcuffs. He faults John/Jane Doe 7 for delaying his access to timely care. However, he has not named John/Jane Doe 7 in the caption of the case, so they are not currently a proper defendant in this action. Federal Rule of Civil Procedure 10 requires that a case caption contain the name of each party. Thus, the allegations against John/Jane Doe 7 were deemed insufficient at the time of severance and John/Jane Doe 7 is not listed as a formal party in this severed case.

## Analysis

### Claims 1 and 2

The Eighth Amendment prohibits cruel and unusual punishment. *See e.g., Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). An Eighth Amendment excessive force claim requires an inquiry into "whether force was applied in a good-faith effort to maintain or restore discipline, or [whether it was] applied maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The "core judicial inquiry" for an excessive force claim is not the severity of the injury, but whether the force used was 'malicious and sadistic.' *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). Courts have concluded

at initial review, and later in litigation, that it is possible handcuffs applied too tightly can be a form of excessive force or cruel and unusual punishment. *See e.g.*, *Tibbs v. City of Chicago*, 469 F.3d 661, 666 (7th Cir. 2006); *Gates v. Doctors*, 2024 WL 5186647 at * 1 (N.D. Ind. Dec. 19, 2024); *Phillips v. Riggs*, 2018 WL 1738013 at 2 (S.D. Ill. Apr. 11, 2018).

Here, Plaintiff's initial allegations that his cuffs were applied too tightly, or that staff members failed to render aid when he raised the issue, are sufficient to proceed beyond initial review.  **Plaintiff must file a notice within 30 days giving as much descriptive information as possible about John/Jane Does 3-6**.  He can provide information like physical descriptions, nicknames, and rank of these individuals.  The Court will add the Wardens of Shawnee and Menard to this action in official capacity only solely to assist with the identification process.  Once Plaintiff has filed his notice, the Court will set a timeframe for the wardens to provide responsive information.

### Claim 3

Plaintiff alleges in three brief sentences that Defendant Crane was deliberately indifferent to his medical needs by delaying the provision of a cuff permit for a year. While a delay in treatment can support an Eighth Amendment deliberate indifference claim, Plaintiff has not provided enough context for the Court to understand the claim against Crane.  He has not indicated when or how Crane became aware of his needs, how often he saw her, how she responded to his requests, or what ultimately led to the issuance of his permit.  Without further information about the interactions between Plaintiff and Crane it is impossible to know if her conduct might have amounted to

deliberate indifference.   Therefore, Claim 3 is dismissed without prejudice as insufficiently pled.

## Disposition

**IT IS HEREBY ORDERED THAT Claims 1 and 2** survive initial review against Defendants John/Jane Does 3-6 and Anthony Jones.  The Clerk of Court shall **ADD** the Wardens of Menard and Shawnee in official capacity only to help identify John Doe 3 (Shawnee transit lieutenant) and John/Jane Does 4-6 (medical personnel and internal affairs lieutenant at Menard).  **Plaintiff must file a notice within 30 days giving descriptive information about these parties**, or they will be dismissed.  **Claim 3** against Defendant Crane is insufficient as pled, and the Clerk shall **TERMINATE** Crane.

The Clerk of Court is **DIRECTED** to prepare for Defendants Anthony Jones, Warden of Menard (official capacity only to identify John Does 4-6) and Warden of Shawnee (official capacity only to identify John Doe 3, transit lieutenant): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 2), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against the Plaintiffs, and the judgment includes the payment of costs under Section 1915, the Plaintiffs will be required to pay the full amount of the costs, regardless of whether their applications to proceed in forma pauperis were granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiffs are **ADVISED** that they are under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate their whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. FED. R. CIV. P. 41(b).

The Clerk of Court shall enter the standard HIPAA protective order.

**IT IS SO ORDERED.**

Dated: October 17, 2025                              /s David W. Dugan
                                                     _____
                                                     DAVID W. DUGAN
                                                     United States District Judge

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear. As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.